IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DONALD A. EDWARDS, ) | Civil Action No.: 2:10cv1588-CWH-RSC |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **Violation of ADEA - Discrimination** |
| vs. ) | **Based Upon Age; Breach of Contract;** |
| ) | **Promissory Estoppel; Breach of Contract** |
| HERITAGE TRUST FEDERAL ) | **Accompanied by a Fraudulent Act** |
| CREDIT UNION, ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |
| _____) | |

The plaintiff, complaining of the acts of the defendant, alleges as follows:

### PARTIES AND JURISDICTION

1. That plaintiff is a resident and citizen of the County of Berkeley, State of South Carolina.

2. That, upon information and belief, the defendant Heritage Trust Federal Credit Union is a financial institution existing under the laws of the State of South Carolina with headquarters in the County of Charleston, State of South Carolina.

3. That this court has federal question jurisdiction pursuant to 29 U.S.C. § 623, et. seq. (the Age Discrimination in Employment Act ("ADEA")) and 28 U.S.C. § 1331.

4. That venue for all causes of action stated herein lies in the district of South Carolina, Charleston Division, in that pursuant to 28 U.S.C. § 1391(b), the defendant resides in this district, and a substantial part of the events giving rise to plaintiff's claims occurred here.

### CONDITIONS PRECEDENT

5. That plaintiff has exhausted all administrative remedies and conditions precedent, including timeliness, deferral and all other jurisdictional requirements necessary for

the maintenance of the foregoing action, all of which are more fully described below. That moreover, defendant employed over twenty (20) employees at all times referred to herein and, thus, is an employer as defined by the ADEA and otherwise subject to and covered by said Act.

6. That on or about June 18, 2009, and as a result of defendant's discriminatory conduct, all of which is more fully described below, plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination based upon age and constructive discharge.

7. That on or about May 5, 2010, plaintiff received a notice of right to sue from the EEOC regarding the complaint described in Paragraph 6 above.

8. That plaintiff has timely filed the foregoing action within ninety (90) days of the date on which he received the notice of right to sue described above in Paragraph 7.

**FACTUAL ALLEGATIONS**

9. That plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 8 hereinabove as fully as if set forth verbatim.

10. That plaintiff is sixty (60) years old. His date of birth is July 2, 1949.

11. That defendant hired plaintiff on or about January 9, 2006 as a loan originator.

12. That plaintiff was hired by a manager at defendant named Sarah Strickland ("Strickland") who also served as plaintiff's direct supervisor.

13. That in or around the end of February/beginning of March 2007, Strickland was replaced by Kim Daniels ("Daniels"). Thereafter, Daniels became plaintiff's direct supervisor.

14. That when plaintiff started his employment with defendant he was the sole loan originator.

2

15. That by March of 2008, defendant had hired two other loan originators, both of whom were substantially younger than plaintiff and substantially less qualified and experienced than plaintiff.

16. That plaintiff performed his job duties at defendant in an above-satisfactory fashion and otherwise maintained an excellent employment record there.

17. That in this regard, plaintiff was never disciplined in any manner while employed with defendant; he was never suspended, written up or given a verbal warning.

18. That moreover, plaintiff was given three performance evaluations at defendant. On all evaluations defendant rated plaintiff as "meets expectations" and he was given a raise. The last such evaluation was given to plaintiff in early January 2009, approximately one month before plaintiff was terminated.

19. That finally, plaintiff was the leading loan producer every year among the three loan originators at defendant.

20. That despite the above, plaintiff's supervisor, Daniels, made repeated remarks to plaintiff about his age, telling him he needed a hearing aid and that maybe loan processors were uncomfortable asking plaintiff questions because of his age. Moreover, Daniels made fun of plaintiff's age to other employees.

21. That also at times during plaintiff's employment, defendant's Senior Vice-President of Lending and Operations, Steve Wichmann ("Wichmann"), would comment to plaintiff that plaintiff had been around for awhile; that he (Wichmann) would be retiring soon; and that plaintiff may be ready to retire, too.

22. That on or about February 6, 2009, Daniels and Wichmann fired plaintiff without warning, notice or cause.

23. That in firing plaintiff, Daniels and Wichmann told plaintiff he was being fired due to two (2) customer complaints and HUMDA violations.

24. That these reasons are blatantly false.

25. That defendant fired plaintiff because of his age.

26. That also during the termination, Wichmann threatened plaintiff that if he did not resign that defendant (by and through Wichmann and Daniels) would make sure that plaintiff never worked in the financial industry again.

### FOR A FIRST CAUSE OF ACTION:
### VIOLATION OF ADEA
### DISCRIMINATION/TERMINATION/CONSTRUCTIVE DISCHARGE

27. That plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 26 hereinabove as fully as if set forth verbatim.

28. That defendant is a "person" within the meaning of § 701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the ADEA of 1967, as amended, 29 U.S.C. § 630.

29. That defendant is in an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the ADEA of 1967, as amended, 29 U.S.C. § 630.

30. That defendant employed over twenty (20) employees at all times referred to herein and, thus, defendant is an employer as defined by the ADEA and otherwise subject to that Act.

31. That plaintiff's date of birth is July 2, 1949.

32. That at the time of plaintiff's termination and at all times prior thereto, plaintiff was performing his job at defendant in a manner that met defendant's reasonable and legitimate expectations.

33. That defendant fired plaintiff without warning, notice or cause and for false reasons, all on account of plaintiff's age.

34. That defendant also threatened plaintiff and forced him to resign after firing plaintiff.

35. That defendant intentionally forced plaintiff to resign from defendant and said efforts were motivated by age bias.

36. That plaintiff found, and a reasonable employee in plaintiff's circumstances would find, that the working conditions at defendant were objectively intolerable.

37. That as such, defendant constructively discharged plaintiff.

38. That defendant replaced plaintiff with a substantially younger employee.

39. That as such, defendant has violated the ADEA.

40. That as a result of the actions of the defendant, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and further seeks damages in the form of attorney's fees and costs and prejudgment interest.

41. That defendant's actions were undertaken intentionally, willfully, wantonly, knowingly and with reckless indifference to plaintiff's federally protected rights and, therefore, plaintiff is entitled to recover liquidated damages from the defendant.

### FOR A SECOND CAUSE OF ACTION:
### BREACH OF CONTRACT

42. That plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 41 hereinabove as fully as if set forth verbatim.

43. That defendant issued handbooks, manuals, forms and policies and procedures to plaintiff which required defendant to provide employees with corrective action

5

including verbal and written warnings as well as probations before termination for all but the most serious offenses.

44. That said policies and procedures also required defendant to have good cause to terminate an employee.

45. That said policies and procedures were set forth in strong and mandatory terms and, therefore, they constituted a contract of employment which altered any at-will employment relationship that may have existed between the parties.  As such, defendant was legally required to follow said contract in disciplining and discharging its employees.

46. That defendant breached the said contract of employment by firing plaintiff without cause, without prior warning and without otherwise going through the steps of its progressive discipline policies, as plaintiff never committed any serious or non-serious workplace infractions.

47. That as a direct and proximate result of said breaches, plaintiff has been damaged in the form of lost back and future wages, income and benefits, expenses associated with finding other work, prejudgment interest, and the costs associated with bringing this action.

### FOR A THIRD CAUSE OF ACTION:
### PROMISSORY ESTOPPEL

48. That plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 47 hereinabove as fully as if set forth verbatim.

49. That, as set forth above in Paragraphs 43 and 44, defendant made clear and unambiguous promises to plaintiff regarding the ways in which plaintiff would be disciplined and discharged at defendant.

50. That plaintiff reasonably relied upon said promises and had the right to so rely upon them.

51. That as set forth above, defendant breached the said promises outlined above by firing plaintiff without cause, without prior warning and without first utilizing progressive discipline.

52. That plaintiff sustained injuries in reliance on the said promises, namely lost back and future wages, income and benefits, expenses associated with finding other work, prejudgment interest and the costs of this action.

### FOR A FOURTH CAUSE OF ACTION: BREACH OF CONTRACT ACCOMPANIED BY A FRAUDULENT ACT

53. That plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 52 hereinabove as fully as if set forth verbatim.

54. That as alleged above, the parties entered into an employment agreement which altered any at-will relationship that may have existed between the parties and which was breached by defendant.

55. That defendant breached the parties' agreement with fraudulent intent, namely because of plaintiff's age.

56. That in breaching the said agreement, defendant engaged in fraudulent acts, namely it fired plaintiff for false reasons and attempted to force plaintiff to resign by threatening plaintiff that it would ensure plaintiff would never work in the financial industry again if plaintiff did not resign.

57. That as a result of the above, plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered psychological harm, emotional distress, anxiety, pain and suffering,

inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, physical and personal injuries, loss to professional standing, character and reputation, and plaintiff further seeks the costs of this action and prejudgment interest.

58. That defendant's conduct as set forth above was undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the protected rights of the plaintiff and, therefore, plaintiff is entitled to recover punitive damages from the defendant.

WHEREFORE, plaintiff prays for the following relief against defendant:

(a) As to plaintiff's First Cause of Action, plaintiff prays for judgment against the defendant for such an amount of actual and special damages as the trier of fact may find (including damages for lost back and future wages, income and benefits, as well as expenses associated with finding other work), liquidated damages, the costs and disbursements of this action, including reasonable attorney's fees, prejudgment interest, and for such other and further relief as the court deems just and proper;

(b) As to plaintiff's Second and Third Causes of Action, plaintiff prays for judgment against the defendant for such an amount of actual and special damages as the trier of fact may find (including damages for lost back and future wages, income and benefits, as well as expenses associated with finding other work), the costs and disbursements of this action, prejudgment interest, and for such other and further relief as the court deems just and proper;

(c) As to plaintiff's Fourth Cause of Action, plaintiff prays for judgment against the defendant for such an amount of actual and special damages as the trier of fact may find (including damages for lost back and future wages, income and benefits, expenses associated with finding other work, psychological harm, emotional distress, anxiety, pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, physical and personal injuries, loss to professional standing, character and reputation), punitive

damages, the costs and disbursements of this action, prejudgment interest, and for such other and further relief as the court deems just and proper.

                                                HITCHCOCK & POTTS

                                                By:  _s/A. Christopher Potts_
                                                Federal ID No.:  5517
                                                31 Broad Street (P.O. Box 1113)
                                                Charleston, SC 29401 (29402)
                                                Telephone:  (843) 577-5000
                                                Fax:  (843) 722-8512
                                                E-Mail:  hitchp@bellsouth.net
                                                *Attorneys for the Plaintiff*

Charleston, South Carolina
June 21, 2010